# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3321
No. 02-3516

_____

| | | |
|---|---|---|
| Mary Beth Kennedy, | * | |
| | * | |
| Plaintiff-Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeals from the United States |
| Baxter Healthcare Corporation; | * | District Court for the District of |
| | * | Minnesota. |
| Defendant-Appellee, | * | |
| | * | [PUBLISHED] |
| Baxter International, Inc.; Baxter | * | |
| Healthcare SA; Allegiance Healthcare | * | |
| Corporation; Allegiance Corporation, | * | |
| | * | |
| Defendants. | * | |

_____

Submitted: May 16, 2003

Filed: May 21, 2003

_____

Before LOKEN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

PER CURIAM.

Mary Beth Kennedy, who worked as a registered nurse from 1986 until 1997, brought this diversity action against Baxter International Corp., a manufacturer of latex gloves, alleging the gloves caused her to develop a life-threatening allergy to

the gloves' proteins. Kennedy asserted claims of design defect and failure to warn. A jury returned a verdict in favor of Baxter. On appeal, Kennedy contends the district court[*] abused its discretion when it made two evidentiary rulings. Specifically, Kennedy asserts the district court should not have admitted testimony and a document about Federal Drug Administration (FDA) employee statements to glove manufacturers that the FDA did not want allergy warnings on rubber gloves. The district court did not abuse its discretion in admitting this evidence, however, because the informal FDA pronouncements were probative of whether Baxter acted reasonably in designing, labeling, and selling its rubber gloves. Kennedy also contends the district court should have admitted a medical opinion by her expert on the issue of product defect. The district court did not abuse its discretion in excluding the evidence before trial because the expert, who is not a physician or a toxicologist, was unqualified to give an opinion about what makes a rubber glove safe or unsafe for allergy purposes or what level of proteins or allergens are necessary to achieve a safe level for allergy purposes.

Because the evidentiary rulings were not a manifest abuse of discretion affecting substantial justice, and an extended discussion of the facts and the controlling legal principles would have no precedential value in this fact-intensive case, we affirm the district court without any further discussion. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Donald D. Alsop, United States District Judge for the District of Minnesota.